UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JONATHAN WAGNER, :
:
        Plaintiff, :
:
        v. : No. 5:17-cv-3786
:
NORTHERN BERKS REGIONAL :
POLICE DEPARTMENT; :
LEESPORT BOROUGH; :
MAIDENCREEK TOWNSHIP; :
ONTELAUNEE TOWNSHIP; and :
POLICE OFFICER RICHARD B. HORNER, :
:
        Defendants. :
_____

## **O P I N I O N**

**Defendants' First Motion to Dismiss Amended Complaint, ECF No. 8—Granted**

**Joseph F. Leeson, Jr.**                                                           **July 10, 2018**
**United States District Judge**

### I.     INTRODUCTION

Plaintiff Jonathan Wagner filed this action pursuant to 42 U.S.C. § 1983 and

Pennsylvania common law against Defendants Richard B. Horner, a police officer, and Horner's

employers, Northern Berks Regional Police Department, Leesport Borough, Maidencreek

Township and/or Ontelaunee Township (Municipal Defendants). Wagner alleges that Horner

maliciously prosecuted him by filing a criminal complaint and affidavit of probable cause for

charges which were later barred from prosecution by double jeopardy and compulsory joinder

and seeks to hold the Municipal Defendants accountable for Horner's actions. The Amended

Complaint alleges three counts: (1) a claim pursuant to 42 U.S.C. § 1983 for violation of

Wagner's Fourth Amendment right to be free from malicious prosecution against Horner; (2) a malicious prosecution claim pursuant to Pennsylvania law against Horner; and (3) a *Monell* claim pursuant to 42 U.S.C. § 1983 against Municipal Defendants. *See id.* Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Defs.' Mot. Dismiss ¶ 19, ECF No. 8. This Court grants Defendants' Motion and dismisses the Amended Complaint because Horner had probable cause to arrest Wagner and is entitled to qualified immunity. Because Wagner's claims against Horner fail, this Court dismisses Wagner's *Monell* claim against the Municipal Defendants as well.

## II. BACKGROUND

The Amended Complaint alleges the following facts. In January 2013, Horner observed Wagner and an accomplice, Ellis Garman, taking packages from a porch. *See* Amended Complaint ¶ 12, ECF No. 7. Horner arrested Wagner and charged him with one count of Theft by Unlawful Taking, one count of Receiving Stolen Property, and two counts of Conspiracy. *See id.*; *see also* 18 Pa. C.S. §§ 3921(a), 3925(a), 903(a)(1). The subsequent investigation concluded in February 2013 and revealed nineteen packages in a van owned by Garman. *See* Am. Compl. ¶¶ 13-14. On March 26, 2013, Wagner pled guilty to one count of Receiving Stolen Property. *See id.*

In January 2014, Horner filed a second criminal complaint against Wagner for twelve counts of Theft by Unlawful Taking, twelve counts of Receiving Stolen Property and twenty-four counts of Criminal Conspiracy stemming from the same incident in January 2013. *See id.* ¶ 18, Ex. A; *see also* 18 Pa. C.S. §§ 3921(a), 3925(a), 903(a)(1). In support of the criminal complaint, Horner signed an affidavit of probable cause (Affidavit) stating that probable cause

for the arrest was based on the nineteen packages found in the van and a confession from Garman taken on May 8, 2013. *See id.* ¶¶ 19-21, Ex. A. The Affidavit does not mention the disposition of the original prosecution. *See id.* Ex. A. Wagner was arrested and subsequently incarcerated for six months. *See id.* ¶ 22. In September 2015, Wagner's attorney filed a motion to dismiss the charges pursuant to 18 Pa. C.S. § 110(1)(ii), which bars subsequent prosecution for "any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution . . . ." 18 Pa. C.S. § 110(1)(ii); *see* Am. Compl. ¶ 25, Ex. C. The Honorable Stephen B. Lieberman of the Court of Common Pleas of Berks County issued an order granting the motion to dismiss and discharging Wagner. *See* Am. Compl. ¶ 25, Ex. C. Horner was at all material times employed by the Municipal Defendants. *See* Am. Compl. ¶ 6.

The Amended Complaint asserts that: (1) the evidence that Horner relied upon for the Affidavit was based "exclusively on information obtained during the 2013 arrest;" (2) Horner was "on notice" that he could not initiate subsequent criminal proceedings charging Wagner; and (3) Horner initiated the criminal proceedings with knowledge that the charges were brought in violation of 18 Pa. C.S. §§ 109-10. Am. Compl. ¶¶ 21, 29, 40.

### III. LEGAL STANDARD

In rendering a decision on a motion to dismiss for failure to state a claim, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the

plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV.  ANALYSIS

Count One of the Amended Complaint is brought pursuant to 42 U.S.C. § 1983. *See* Am. Compl. ¶¶ 34-36. Section 1983 provides a remedy against any person who, under the color of law, deprives another of his constitutional rights. *See* 42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must allege both (1) "a deprivation of a federally protected right" and (2) that the "deprivation was committed by one acting under color of state law." *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). Wagner alleges that Horner violated his constitutional right under the Fourth Amendment to be free from malicious prosecution. *See* Am. Compl. ¶¶ 34-36. Count Two alleges a Pennsylvania common law claim of malicious prosecution. *See* Am. Compl. ¶¶ 40-44. Count Three alleges a *Monell* claim against the Municipal Defendants. *See* Am. Compl. ¶¶ 45-51.

### A.  Malicious Prosecution under Pennsylvania Law and § 1983

To prove malicious prosecution under Pennsylvania law, a plaintiff must show that "the defendant . . . instituted proceedings against the plaintiff . . . without probable cause, . . . with malice, and . . . the proceedings must have terminated in favor of the plaintiff." *Kelley v. Gen.*

*Teamsters, Chauffeurs & Helpers, Local Union 249*, 544 A.2d 940, 951 (Pa. 1988). Malicious prosecution under § 1983 requires a plaintiff to demonstrate a constitutional violation in addition to the elements of the common law tort. *See Gallo v. City of Philadelphia*, 161 F.3d 217, 221-22 (3d Cir. 1998), *as amended* (Dec. 7, 1998). To prove malicious prosecution on a Fourth Amendment theory under § 1983, a plaintiff must show: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). A claim of malicious prosecution fails if the plaintiff cannot satisfy every element. *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (stating that the plaintiff failed to establish every element which was fatal to the claim).

### B. Wagner has failed to state a claim for malicious prosecution because Horner had probable cause to initiate proceedings against him.

This Court does not address whether Horner initiated a criminal proceeding against Wagner[1] and whether a dismissal on the basis of double jeopardy satisfies the favorable termination element, because Horner had probable cause to arrest Wagner at the beginning of his second criminal case; therefore, Wagner cannot prevail on his federal or state malicious prosecution claims. *See Trunzo v. Mayer*, 658 F. App'x 654, 657 n.2 (3d Cir. 2016) (noting that a malicious prosecution claim cannot succeed as a matter of law if probable cause existed); *Toribio*

---

[1] If the second prosecution was clearly in violation of the statute, a question might arise concerning the official actions of the prosecutor who continued the prosecution following the second arrest. However, "[a] prosecutor is absolutely immune when making [the decision to prosecute], even where he acts without a good faith belief that any wrongdoing has occurred." *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir. 1992). "Harm to a falsely-charged defendant is remedied by safeguards built into the judicial system [including] dismissal of the charges." *Id.*

*v. Spece*, 558 F. App'x 227, 231 (3d Cir. 2014) (affirming grant of summary judgment for defendants on malicious prosecution claim where there was "ample probable cause" for plaintiff's arrest).

In a § 1983 malicious prosecution claim, the plaintiff has the burden of proving want of probable cause. *See Miller v. Pennsylvania R. Co.*, 371 Pa. 308, 314 (1952) (citing *Simpson v. Montgomery Ward & Co.*, 354 Pa. 87 (1946)). The Supreme Court's definition of probable cause requires that under "the-totality-of-the-circumstances" there is a "fair probability" that the accused committed the offense. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). Accordingly, the Third Circuit finds probable cause when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995) (citing *United States v. Cruz*, 910 F.2d 1072, 1076 (3d Cir. 1990)); *see also Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003) (same). Pennsylvania courts similarly state that "[p]robable cause is a reasonable ground of suspicion supported by circumstances sufficient to warrant that an ordinary prudent person in the same situation could believe a party is guilty of the offense charged." *Miller v. Pennsylvania Railroad Co.*, 371 Pa. 308, 314 (1952); *see also Corrigan v. Cent. Tax Bureau of Pa., Inc.*, 828 A.2d 502, 505 (Pa. Commw. Ct. 2003) (same).[2] The inquiry is objective rather than subjective and "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *see Napier v. City of New*

---

2     Pennsylvania law defines probable cause identically to federal law. *See Matasavage v. Corby*, No. CIV. A.3CV982105, 2000 WL 1839138, at *9 (M.D. Pa. Oct. 13, 2000) (citing *Commonwealth v. Gayle*, 673 A.2d 927, 931 n.9 (Pa. Super. Ct. 1996)).

*Castle*, 407 F. App'x 578, 583 (3d Cir. 2010) (applying *Devenpeck* to a Pennsylvania malicious prosecution claim).

However, when an officer arrests a suspect "pursuant to a warrant which he obtained on the basis of statements he knew to be false or on the basis of statements he makes in reckless disregard of the truth, a plaintiff may recover damages under [§] 1983 . . . ." *Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir. 1993). To prove that Horner lacked probable cause, Wagner must show "(1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997); *see also Andrews v. Scuilli*, 853 F.3d 690, 697 (3d Cir. 2017) (applying *Sherwood* to a Pennsylvania malicious prosecution claim). An omission is made with reckless disregard "where an officer withholds a fact in his ken that [a]ny reasonable person would have known . . . was the kind of thing the judge would wish to know." *Id.* (internal quotations omitted) (quoting *United States v. Jacobs*, 986 F.2d 1231, 1235 (8th Cir. 1993)).

Even if Wagner is able to prove Horner acted with reckless disregard of the truth, the Court finds that the omissions were not material and Horner had probable cause for the second arrest. In malicious prosecution, the question is whether "a reasonable officer could have believed that probable cause existed to arrest the plaintiff at [the time of arrest.]" *Andrews*, 853 F.3d at 697 (internal quotations omitted) (quoting *Blaylock v. City of Philadelphia*, 504 F.3d 405, 411 (3d Cir. 2007)). The parties dispute whether Horner knew that the subsequent prosecution was barred by statute such that his failure to mention Wagner's prior prosecution in the affidavit was knowing and deliberate, or in reckless disregard of the truth. *See* Pl.'s Mem. Supp. Resp.

Defs.' Mot. Dismiss 16-17. The Amended Complaint alleges supporting facts demonstrating that Horner arrested Wagner twice and the Affidavit in support of the second arrest omitted the information regarding the initial criminal proceedings. Regardless, this Court does not need to determine if Horner acted with reckless disregard of the truth because the alleged omission is not material to probable cause.

Assuming Wagner has shown that Horner recklessly omitted information about the initial criminal proceedings, this Court must determine whether the omissions were material by creating a word-by-word reconstruction of the Affidavit in support of the second arrest with the omitted information included and determining whether the reconstructed affidavit establishes probable cause. *See Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) ("To determine the materiality of the misstatements and omissions, we . . . insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause"); *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 470 (3d Cir. 2016) (requiring district courts to create a word-for-word reconstruction of challenged affidavit). The Court must construct the affidavit and "determine whether or not the 'corrected' . . . affidavit would establish probable cause." *Wilson*, 212 F.3d at 789. The Court must consider the reconstructed affidavit and see if it gives rise to a "fair probability" that the arrestee committed the crimes alleged. *Id.* at 789 (quoting *Sherwood*, 113 F.3d at 401).

Wagner's case rests on Horner's alleged omission from the Affidavit of Wagner's prior guilty plea to a related offence, such that the subsequent prosecution would be barred by 18 Pa. C.S. §§109-10. Thus, the reconstructed Affidavit would state: (1) Wagner was involved in a theft of a package; (2) Wagner was arrested in a van with Ellis Garman; (3) Wagner was charged with the initial theft; (3) the investigation found nineteen packages were found in a van; (4) more than

8
071018

twenty incidents of theft were reported from December 2012 to January 2013; (5) that *Wagner pled guilty to a count involving the initial theft on March 26, 2013*; and (6) that on May 8, 2013, Ellis Garman confessed and implicated him in the thefts of the nineteen packages found in the van.[3]

The Court's review of probable cause must be limited to the facts available to the officer at the time of arrest. *See Andrews*, 853 F.3d at 697 (stating probable cause depends on belief of the officer at the time of the arrest). At the time of arrest, Horner could not have known that the subsequent prosecution would be barred by compulsory joinder, which required a legal determination later made by a Pennsylvania court under § 110. Section 110 bars subsequent prosecutions arising from the same criminal episode as a prior prosecution, which requires a court to consider "(1) the temporal relationship between the acts in question and (2) the logical relationship between the acts." *Commonwealth v. Miskovitch*, 64 A.3d 672, 686 (Pa. Super. Ct. 2013) (quoting *Commonwealth v. Wittenburg*, 710 A.2d 69, 73 (Pa. Super. Ct. 1998)). Horner could not have known that the prosecution would be barred by § 110 because it requires a judicial determination that the alleged criminal acts were part of the same criminal episode.

More importantly, the probable cause inquiry focuses on the likelihood that the suspect committed a crime, not the likelihood that the government will secure a conviction. *See Halsey v. Pfeiffer*, 750 F.3d 273, 299 (3d Cir. 2014) ("While 'the probable-cause standard is incapable of precise definition or quantification,' all interpretations of probable cause require a belief of guilt that is reasonable, as opposed to certain." (quoting *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005))); *Pansy v. Preate*, 870 F. Supp. 612, 617 (M.D. Pa. 1994) ("The ultimate finding of guilt or innocence, or even dismissal of charges arising out of an arrest and detention

---

[3] The full text of the corrected Affidavit is attached as the Appendix to this Opinion.

has no bearing on whether the arrest was valid."), *aff'd*, 61 F.3d 896 (3d Cir. 1995) (citing *Pierson v. Ray*, 386 U.S. 547, 555 (1967)); *see also Catano v. United States*, 248 F. Supp. 2d 1158, 1161 (S.D. Fla. 2003) (finding that prosecution was not frivolous for purposes of Hyde Amendment because probable cause for prosecution existed, even though probability of guilty verdict was slim). Thus, whether Horner believed that the guilty plea would bar any second prosecution is irrelevant to the probable cause analysis. Probable cause only requires sufficient facts "to warrant a reasonable person to believe that an *offense has been or is being committed* by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995) (emphasis added).

The reconstructed Affidavit contains sufficient facts to establish probable cause. Specifically, the Affidavit stated that Wagner's co-conspirator confessed and implicated Wagner in the thefts of the nineteen packages found in the van. On these facts, a reasonable officer would believe that Wagner committed the other thefts. *See Cann v. Wanner*, No. CIV. A. 05-5189, 2006 WL 1805977, at *7 (E.D. Pa. June 28, 2006) (finding probable cause even if questionable witness statements removed from affidavit where witness account and co-conspirator's confession implicated arrestee); *Kelley*, 544 A.2d at 942–43 (holding that a co-worker's confession accusing fellow employee of theft, in conjunction with other evidence and despite employee's eventual acquittal, was sufficient to establish probable cause as a matter of law). The subsequent determination that the prosecution was barred by § 110 does not destroy probable cause.

Accordingly, even assuming Horner knew about the disposition of the initial proceedings, Wagner cannot prove that he is entitled to relief and this Court will dismiss Wagner's malicious prosecution claims.

10
071018

### C. Even if Wagner stated a constitutional claim against Horner, Horner is entitled to qualified immunity.

Defendants have also asserted that Horner is entitled to qualified immunity. Defs. Mot. Dismiss 9. Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity requires a two-step inquiry. First, the Court must determine if "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right[.]" *Reedy v. Evanson*, 615 F.3d 197, 223 (3d Cir. 2010) (alterations in original) (quoting *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). If the officer's conduct violated a constitutional right, "the court must then consider 'whether the right was clearly established . . . in light of the specific context of the case. . . .'" *Id.* at 224 (quoting *Saucier*, 533 U.S. at 201).

"A right is clearly established if 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id.* (quoting *Saucier*, 533 U.S. at 202). "In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate,'" *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)), in such way that a police officer would be on notice that his conduct violated the law. *See Bayer v. Monroe County Children & Youth Services*, 577 F.3d 186, 193 (3d Cir. 2009). There need not be a controlling case directly on point; however, the Supreme Court has explained that clearly established law requires "cases of controlling authority . . . at the time of the incident which clearly established the rule on which they seek to rely . . . [or] a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his

actions were lawful." *Wilson v. Layne*, 526 U.S. 603, 617, (1999); *Ashcroft v. al-Kidd*, 563 U.S. at 746 (citing *Wilson*).

Having determined that Horner had probable cause to arrest Wagner, this Court finds that he is also entitled to dismissal based on qualified immunity. *See Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (holding that an officer is "entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest"); *Funderburg v. Gangl*, No. 93-6580, 1995 WL 222018, at *3 (E.D. Pa. Apr. 12, 1995) ("A police officer who reasonably but mistakenly concludes that probable cause to arrest exists is entitled to immunity from suit."). Even if this Court found that Horner did not have probable cause to arrest, he is entitled to qualified immunity because he reasonably could have believed that he acted lawfully. The Third Circuit has held in general terms that the right to be free from prosecution on criminal charges that lack probable cause is known and clearly established. *See Andrews*, 853 F.3d at 705 (citing *Donahue v. Gavin*, 280 F.3d 371, 380 (3d Cir. 2002)); *see also Goldey v. Com. of Pa.*, No. CIV. A. 92-6932, 1994 WL 396471, at *3 (E.D. Pa. June 20, 1994) (concluding that the right to be free from malicious prosecution was clearly established in the Third Circuit). However, neither party has pointed to, nor has this Court found, any controlling authority to suggest that an officer does not have probable cause if he arrests a person while aware of facts which later result in the prosecution being barred on a statutory ground like compulsory joinder. *See Grant v. City of Pittsburgh*, 98 F.3d 116, 121 (3d Cir. 1996) ("It is not sufficient that the right at issue be clearly established as a general matter. Rather, the question is whether a reasonable public official would know that his or her specific conduct violated clearly established rights." (citing *Anderson v. Creighton*, 483 U.S. 635, 636–37 (1987))).

To the contrary, abundant case law suggests that a confession gives an officer probable cause to arrest a suspect. *See, e.g., DiStefano v. Macy's Retail Holdings, Inc.*, 616 F. App'x 478, 482 (3d Cir. 2015) (finding that police had probable cause to make arrest where loss prevention possessed co-conspirator's signed statement implicating arrestee, receipts corroborating confession, and video footage placing arrestee at co-conspirator's register within minutes of fraudulent transaction); *Monaco v. City of Camden*, No. CIV. A. 04-2406 (JBS), 2008 WL 5381320, at *4 (D.N.J. Dec. 17, 2008) (finding that jury could find that detective had probable cause to issue citation for drinking alcohol in public based on suspect's confession), *aff'd*, 366 F. App'x 330 (3d Cir. 2010); *United States v. Miller*, No. CRIM. A. 07-663, 2009 WL 466186, at *3 (E.D. Pa. Feb. 24, 2009) (finding substantial basis for magistrate judge's probable cause determination in support of search warrant based on co-conspirator's confession); s*ee also United States v. Patterson,* 150 F.3d 382, 386 (4th Cir. 1998) ("[T]here was probable cause to seize [defendant's] Honda based on Greene's statement that [defendant] participated in the robbery with him and that the two of them used [defendant's] vehicle as transportation during the robbery."); *Craig v. Singletary,* 127 F.3d 1030, 1045 (11th Cir. 1997) (en banc) (holding that co-participant's confession implicating defendant provided probable cause for arrest). As a result, this Court cannot conclude that it would have been clear to Horner that he acted unlawfully and arrested Wagner without probable cause. Therefore, even if Wagner could show a constitutional violation, Horner is entitled to qualified immunity and this Court dismisses the § 1983 claim against Wagner.

**D. The *Monell* claims should be dismissed because an employee of the Municipal Defendants did not violate Wagner's civil rights.**

The Municipal Defendants can only be liable under § 1983 "if it can be shown that its employees violated a plaintiff's civil rights as a result of a municipal policy or practice." *Williams v. Borough of W. Chester, Pa.*, 891 F.2d 458, 467 (3d Cir. 1989) (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)). This Court will grant the motion to dismiss the *Monell* claim because Horner is the employee at issue and Wagner's malicious prosecution claim against him fails.

**V. CONCLUSION**

The dismissal of the second prosecution vindicated Wagner's belief that he was prosecuted in violation of 18 Pa. C.S. § 110. In this action, he is seeking recompense for his time spent incarcerated by suing the officer who initially arrested him. Even if Horner knew about the initial prosecution, Horner arrested Wagner with probable cause and did not violate Wagner's right to be free from malicious prosecution. Additionally, Horner is entitled to qualified immunity. The Municipal Defendants cannot be held liable because Horner did not violate Wagner's civil rights. Because Horner had probable cause to initiate proceedings against Wagner, any further amendment to the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that leave to amend should be granted "unless it would be inequitable or futile"). Accordingly, Defendants' motion to dismiss is granted, and Wagner's Amended Complaint is dismissed. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Court

# APPENDIX—CORRECTED AFFIDAVIT
## (Added Text Emphasized)

January 24, 2013 the Defendant, Jonathan D Wagner and Co-Defendant, Ellis Charles Garman, Sr, were involved in a theft of packages from a residence in Maidencreek Township. Both subjects were apprehended a short time after the theft occurred.

The subjects were operating a red Dodge minivan bearing PA Registration HGJ-5677. This vehicle was impounded and towed and secured in a building. Both subjects were driving through developments looking for packages sitting on people's porches that were delivered by UPS, Fed-Ex or USPS.

I, Det. Sgt. Brian Horner of the Northern Berks Regional Police Department and a Berks County District Attorney Detective with the Major Crime Task Force interviewed Ellis Garman Sr. at the Northern Berks Regional Police Department regarding the theft of package. Garman was verbally read his Miranda Rights from the Northern Berks Regional Police Department Rights Warning and Waiver form. Garman waived his rights.

Garman cooperated regarding the theft and Garman admitted additional thefts of packages that occurred in Maidencreek Township, the Leesport area and Muhlenberg Township.

On January 25, 2013, I filed an application for search warrant and authorization for the red Dodge Caravan, bearing PA Registration Number: HGJ-5677, VIN: 2B8GT54L21R261267 that was registered to Amaryllis Perez. District Justice Thomas Gauby Sr. signed/authorized the search warrant.

On January 25, 2013 at 1346 hours your Affiant executed the search warrant on said vehicle. As a result of the search warrant being executed there were (19) items seized. Majority of the items seized were sealed packages, opened packages and shipping/order paperwork with people's name, address and items purchased.

An investigation was conducted regarding package thefts throughout Berks County and there were more than (20) incidents reported to various police departments December 2012 to January 24, 2013.

*[I arrested Wagner and filed charges for one count of Theft by Unlawful Taking, one count of Receiving Stolen Property, and two counts of Conspiracy. Wagner subsequently pled guilty to one count of Receiving Stolen Property from the initial charges.]*

May 8, 2013 your Affiant interviewed Ellis Garman at the Northern Berks Regional Police Department regarding the theft of packages from porches.

Garman was verbally read his Miranda Rights from the Northern Berks Regional Police Department Rights Warning and Waiver form. Garman signed the form waiving his rights.

Garman admitted that he participated with Jonathan Wagner in the thefts. Garman gave a written statement for each theft that follows:

A#: 66-13-00138 Muhlenberg Township

Victim: Karl Wolter

Date of Offense: 1/4/13

Theft- Box of 9mm ammo- 500 rounds valued at $190.00.

Statement: Garman stated that Jonathan Wagner took the ammo from the property. Garman was the driver and Wagner was sitting in the front seat. Garman and Wagner sold the ammo to a store in Reading.

A#: 72-13-00351 / 25-13-0757 Exeter Township

Victim: Jennifer Werner

Date of Offense: 01/16/13

Theft- two masks and snorkels valued at $66.08.

Statement: Garman said he went up on the porch and took a UPS Box that contained masks and snorkels.

Note: 1/25/13 Search Warrant was executed on the red Dodge Caravan that Garman and Wagner used on 1/24/13 in theft of packages from porches. The result of that search warrant was Amazon.com Shipping/order forms for (2) US Divers Masks.

A#: 66-13-00512 Muhlenberg Township

Victim: Veronica Vargas

Date of Offense: 1/18/13

Theft- Box of 70 frozen round pizzas valued at $50.00.

Statement: Garman said he was driving and Wagner was the passenger. Garman admitted that he went up to the porch and took a box containing pizza. Garman remembered a lady came out of the house and questioned him about taking the package and he took off running with the box.

A#: 66-13-00517 Muhlenberg Township

Victim: Robert Heins

Date of Offense: 1/18/13

Theft-Box containing a Longaberger salt crock valued at approximately $10.00.

Statement: Garman said that he went up on the porch of the residence along with Wagner and took a box that contained a salt crock.

A# 72-13-00335 Maidencreek Township

Victim: Marcia & Kyle Guinther

Date of Offence: 1/22/13

Theft- Clown costume valued at $183.07.

Statement: Garman said that Wagner and he took a box from the porch containing a clown outfit.

Note: 1/25/13 Search Warrant was executed on the red Dodge Caravan that Garman and Wagner used on 1/24/13 in the theft of packages from porches. The result of that search warrant was Milanoo paperwork belonging to Kyle Guinther.

A#: 72-13-00354 / 54-13-0659 Bern Township

Victim: Keri Kieski

Date of Offense: 01/22/13

Theft-White duffle bag with blue handles valued at $100.99.

Statement: Garman said he remembered having the package but wasn't sure if Wagner or he took the package from the porch that contained a duffle sailor bag.

Note: 1/25/13 Search Warrant was executed on the red Dodge Caravan that Garman and Wagner used on 1/24/13 in theft of packages from porches. The result of that search warrant was Invoices/Gift receipt for the sailor bag belonging to Kieski.

A#: 72-13-00352 / 76-13-00096 Hamburg Borough

Victim: Scott & Karen Henne

Date of Offense: 01/22/13 - 01/25/13

Theft-Clarks Leather slip-on shoes valued at $107.94.

Statement: Garman said Wagner was with him when the package was taken. Garman didn't know which one of them took the package. The package contained leather slip on shoes.

Note: 1/25/13 Search Warrant was executed on the red Dodge Caravan that Garman and Wagner used on 1/24/13 in theft of packages from porches. The result of that search warrant was QVC shipping invoice for he [sic] Henne's.

A#: 72-13-00428 / 76-13-00089 Hamburg Borough

Victim: Jenna Heinley

Date of Offense: 01/23/13

Theft-Delta kitchen faucet valued at $439.00.

Statement: Garman said Wagner was with him when a package was taken from the porch that contained a water faucet in it. Wagner was the one that took the package from the porch.

Note: Receipt for the water faucet was found in Garman's wallet.

A#: 72-13-00330 Maidencreek Township

Victim: Errol Nothstein

Date of Offense: 01/24/13

Theft- HP wireless TV connect, slim SD-ROM/DVD writer, HP printer, HP paperwork valued at $594.95

Statement: Garman said he was with Wagner when the theft occurred. Garman admitted that he took the boxes from the porch, which contained computer equipment.

Note: 1/25/13 Search Warrant was executed on the red Dodge Caravan that Garman and Wagner used on 1/24/13 in theft of packages from porches. The result of that search warrant was the computer equipment belonging to Nothstein.

A#: 72-13-00350 Maidencreek Township

Victim: Marie Hartmann

Date of Offense: 01/24/13

Theft-Baby registry valued at 39.99.

Statement: Garman said he was with Wagner when they took a package from the porch that contained baby items. Garman wasn't sure which one of them took the package.

Note: 1/25/13 Search Warrant was executed on the red Dodge Caravan that Garman and Wagner used on 1/24/13 in theft of packages from porches. The result of that search warrant was a

cardboard box (package) opened that belonged to Marie Hartmann with shipping/order paperwork.

A#: 72-13-00339 Ontelaunee Township

Victim: Raymond Kain Jr

Date of Offense: 1/25/13

Theft- Keurig K Cups valued at $57.42.

Statement Garman said he was with Wagner when the package was taken. The package contained K Cups and Crystal Light.

A# 76-13-00164 Hamburg

Victim: Kimberly Herring

Date of Offense:12/21/12

Thefts-Phillips Norelco Power Touch Razor, Axe Shower pack and hand mixer valued at $88.81.

Statement: Garman said he was with Wagner when the package was stolen from the porch. The package contacted a Norelco Razor and Axe shower pack.

Garman was also questioned about the hypodermic syringe that was found in a book bag when the search warrant was executed on the van he was driving. Garman said the book bag belonged to him and the hypodermic syringe belonged to him. Garman did give a written statement regarding the hypodermic syringe.

December 30, 2013 Berks County Court of Common Pleas President Judge Paul Yatron signed a Consolidation Order for this Affiant to file all criminal charges on the above thefts in front of Magisterial District Judge Thomas M. Gauby, Magisterial District 23-3-05.

Charges filed on information received and investigation conducted.